UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE : <br><br> IRAQ AND AFGHANISTAN DETAINEES LITIGATION | Misc. No. 06-145 (TFH) |
| This document relates to: <br><br> ALI v. PAPPAS <br> ALI v. RUMSFELD <br> ALI v. KARPINSKI <br> ALI v. SANCHEZ | Civ. No. 05-1377 (TFH) <br> Civ. No. 05-1378 (TFH) <br> Civ. No. 05-1379 (TFH) <br> Civ. No. 05-1380 (TFH) |

**NOTICE OF ADDITIONAL AUTHORITY**

Plaintiffs respectfully notify the Court of a relevant decision handed down by the court of appeals last Friday.

In *Majano v. United States*, 2006 WL 3454994 (D.C. Cir. No. 05-5200) (December 1, 2006), the court of appeals (per Circuit Judge Griffith, joined by Circuit Judge Randolph and Senior Circuit Judge Williams) reversed a decision of this court (Collyer, J.) that had granted summary judgment for the government on the question whether a federal official's alleged tortious act was within or without the scope of her employment. The answer to that question determined whether she was immune from personal liability for damages under the terms of the Westfall Act, 28 U.S.C. § 2679(d)(1).

The same question (of course on different facts) is presented by the defendants' pending motions to dismiss in this case.

In *Majano,* a supervisory federal employee was alleged to have assaulted the plaintiff, who was another federal employee. The alleged assault took place at their federal workplace, during their working hours. There was no evidence that the parties had any personal relationship of any kind. Nevertheless, the court of appeals noted that "scope of employment questions are generally viewed as questions of fact best resolved by a jury," 2006 WL 3454994 at *2, citing *Jordan v. Medley,* 711 F.2d 211, 215 (D.C. Cir. 1983), a case in which "then-Judge Scalia explained why it would be unusual to find, as a matter of law, that an employee was acting within the scope of her employment when she committed an intentional tort: 'A directed verdict against the employer would be particularly rare in the case of an intentional tort, which by its nature is willful and thus more readily suggests personal motivation.'" *Id*. (quoting *Jordan*, 711 F.2d at 215).

The court of appeals further explained that "under the law of the District of Columbia" — which all parties agree is controlling here — "'the moment the agent turns aside from the business of the principal and commits an independent trespass, the principal is not liable. The agent is not then acting within the scope of his authority in the business of the principal, but in the furtherance of his own ends.'" *Id*. at *3 (quoting *Schecter v. Merch. Home Delivery, Inc.,* 892 A .2d 415, 427 (D.C.2006) (internal citation omitted)).

The *Westfall* defense in the instant case presents a jury question for the same reasons. *See* Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss [10] at 67-72.

A copy of the court of appeals' decision is filed herewith.

Respectfully submitted,

/s/ *Lucas Guttentag*  /s/ *Deborah Pearlstein*

_____   _____

LUCAS GUTTENTAG  MICHAEL POSNER*
CECILLIA D. WANG  DEBORAH PEARLSTEIN*
JENNIFER C. CHANG  HINA SHAMSI*
MÓNICA M. RAMÍREZ  PRITI PATEL*
American Civil Liberties Union  Human Rights First
Foundation  333 Seventh Avenue, 13th Floor
Immigrants' Rights Project  New York, NY 10001-5004
39 Drumm Street  (212) 845-5200
San Francisco, CA 94111
(415) 343-0773

STEVEN R. SHAPIRO  BILL LANN LEE
OMAR C. JADWAT  CHIMÈNE I. KEITNER
AMRIT SINGH  NIREJ S. SEKHON
STEVEN WATT  Lieff Cabraser Heimann & Bernstein LLP
American Civil Liberties Union  Embarcadero Center West
Foundation  275 Battery Street, Suite 3000
125 Broad Street  San Francisco, CA 94111-3339
New York, NY 10004  (415) 956-1000
(212) 549-2500

/s/ *Arthur B. Spitzer*  JOHN D. HUTSON*
  RADM, JAGC, USN (ret.)
_____   Of Counsel, Human Rights First
ARTHUR B. SPITZER  2 White Street
   D.C. Bar No. 235960  Concord, NH 03301
American Civil Liberties Union  (603) 228-1541
   of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800

JAMES P. CULLEN*  DAVID RUDOVSKY
BG, JAGC, USA (ret.)  Kairys, Rudovsky, Epstein & Messing
Of Counsel, Human Rights First  LLP
1251 Avenue of the Americas  924 Cherry St., Suite 500
New York, NY 10020  Philadelphia PA 19107
(212) 278-1565  (215) 925-4400

3

| | |
|---|---|
| PAUL HOFFMAN<br>Schonbrun DeSimone Seplow Harris &<br>    Hoffman LLP<br>723 Ocean Front Walk<br>Venice, CA 90291<br>(310) 396-0731 | ERWIN CHEMERINSKY<br>Duke University School of Law<br>Science Drive & Towerview Rd.<br>Durham, NC  27707<br>(919) 613-7173 |

Counsel for Plaintiffs

December 6, 2006

* Representing Plaintiffs against Defendant Rumsfeld only