UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>IRAQ AND AFGHANISTAN DETAINEES LITIGATION | Misc. No. 06-145 (TFH) |
| This document relates to:<br><br>ALI v. PAPPAS<br>ALI v. RUMSFELD<br>ALI v. KARPINSKI<br>ALI v. SANCHEZ | Civ. No. 05-cv-1377 (TFH)<br>Civ. No. 05-cv-1378 (TFH)<br>Civ. No. 05-cv-1379 (TFH)<br>Civ. No. 05-cv-1380 (TFH) |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
RESPONDING TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RE
*BOUMEDIENE V. BUSH***

On February 28, 2007, Defendants filed a Notice of Supplemental Authority regarding the decision of the Court of Appeals in *Boumediene v. Bush*, Nos. 05-5062, 05-5063, ___ F.3d ___, 2007 WL 506581 (D.C. Cir. 2007).[1] By leave of Court granted March 6, Plaintiffs respectfully submit this memorandum in response. As set forth below, *Boumediene's* holding is not applicable to the instant case and its dicta regarding the scope of constitutional protections for non-citizens abroad is both inapplicable and contrary to Supreme Court precedent.

---

[1] On March 5, 2007, the petitioners in *Boumediene* and the consolidated cases filed a petition for writ of certiorari to the Supreme Court and a motion for expedited briefing and argument. The petitioners have requested that the case be heard this Term. The Supreme Court docket entry for the case can be found at http://www.supremecourtus.gov/docket/06-1195.htm.

I.   ***BOUMEDIENE* IS INAPPLICABLE BECAUSE ITS HOLDING CONCERNS ONLY HABEAS JURISDICTION UNDER 28 U.S.C. § 2241 AND THE SUSPENSION CLAUSE OF THE CONSTITUTION.**

*Boumediene v. Bush* held that section 7 of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), stripped the federal courts of jurisdiction over habeas corpus petitions brought by Guantanamo detainees who qualify as "enemy combatants" under the MCA.[2] As an initial matter, *Boumediene* does not even arguably have any bearing on Plaintiffs' international law claims under the Alien Tort Statute, 28 U.S.C. § 1350, or under the Geneva Conventions, and the Defendants do not suggest that it does.[3] Furthermore, the holding of *Boumediene* does not affect the constitutional claims in the instant case for three independent reasons.

First, *Boumediene* concerns habeas corpus jurisdiction over detention claims after the enactment of section 7 of the MCA; that analysis is not applicable to Plaintiffs' action, which seeks damages and declaratory relief under 28 U.S.C. § 1331.[4] Second, *Boumediene* and section 7 of the MCA concern federal court jurisdiction for persons who allegedly fit the definition of "enemy combatants" under the MCA. None of the Plaintiffs in this case, who are innocent non-

---

[2] Specifically, the questions presented in *Boumediene* were (1) whether the MCA repealed habeas jurisdiction over the claims of the petitioner detainees at Guantanamo; and (2) if so, whether the repeal violated the Suspension Clause, U.S. Const. art. I, § 9, cl. 2. 2007 WL 506581 at *3.

[3] As set forth in prior briefing, this Court unquestionably has subject matter jurisdiction to consider the claims for injunctive relief and damages under 28 U.S.C. § 1331 (general federal question jurisdiction) and 28 U.S.C. § 1350 (Alien Tort Statute). Even as to declared enemy combatants at Guantanamo, the Supreme Court has held that federal courts have jurisdiction over non-habeas claims under those statutes. *See*, *e.g.*, *Rasul v. Bush*, 542 U.S. 466, 484 (2004).

[4] The *Boumediene* majority's reasoning is specific to the unique nature of habeas corpus. In concluding that the common law writ did not reach claims by detainees outside the country, the *Boumediene* majority relied on its conclusion (disputed by the dissent) that the common law did not permit habeas jurisdiction over the claims of prisoners held in far-flung places because of the impracticability of physically bringing the prisoner to court. *Id.* at *5.

2

combatant civilians released from custody, are governed by any provision of the MCA. Third, and critically, the *Boumediene* decision does not address the fundamental constitutional prohibition against torture, which is the basis for the Plaintiffs' claims here. *See* Plaintiffs' Consolidated Opp. to Defendants' Mot. to Dismiss ("Plaintiffs' Opp.") at 8-16. In short, *Boumediene* is about habeas jurisdiction and enemy combatants. This case is about neither.

Despite these fundamental differences, the government points to broad language in the D.C. Circuit's decision as purported support for their argument that the U.S. Constitution poses no constraint on U.S. government action outside the United States under even the most egregious circumstances. Defendants' Notice of Supp. Authority at 1 (citing 2007 WL 506581 at *6 ("'Precedent in this court and the Supreme Court holds that the Constitution does not confer rights on aliens without property or presence within the United States.'")). This dicta is entirely unnecessary to the D.C. Circuit's holding that the Suspension Clause protects only the category of habeas claims that were recognized at common law at the time of the Founding in 1789. 2007 WL 506581 at *4.[5] *Boumediene* does not affect Plaintiffs' constitutional claims because the opinion does not address whether *fundamental* rights guaranteed under the Constitution are applicable to the circumstances presented here, in light of the essential principle of the *Insular*

---

[5] The *Boumediene* majority actually misquotes *INS v. St. Cyr*, 533 U.S. 289, 301 (2001), for the proposition that "[t]he Supreme Court has stated the Suspension Clause protects the writ 'as it existed in 1789,' when the first Judiciary Act created the federal courts and granted jurisdiction to issue writs of habeas corpus." 2007 WL 506581 at *4. As Judge Rogers points out in her dissent in *Boumediene*, in fact *St. Cyr* held that "*at the absolute minimum*, the Suspension Clause protects the writ as it existed in 1789." 2007 WL 506581 at *13 (Rogers, J., dissenting) (emphasis in original) (quoting *St. Cyr*, 533 U.S. at 301) (internal quotation marks omitted). Thus, the *Boumediene* majority drastically curtailed the Suspension Clause without any substantive analysis, based on a misreading of *St. Cyr*. The Supreme Court has never held that the Suspension Clause ensures only habeas jurisdiction as it existed in 1789 – rather, it held in *St. Cyr* that the Suspension Clause ensures *at least* that scope of habeas corpus and left open whether the Suspension Clause guarantees broader judicial review of executive detention. In any event, the exact scope of the Suspension Clause is not relevant to the instant case.

*Cases* and subsequent cases. In *Rasul*, the Supreme Court reiterated the principle that certain *fundamental* constitutional rights are protected, by endorsing Justice Kennedy's concurrence in *Verdugo-Urquidez*, *see Rasul,* 542 U.S. at 484 n. 15 (*citing United States v. Verdugo-Urquidez,* 494 U.S. 259, 277-78 (Kennedy, J., concurring)), and by pointing out that *Johnson v. Eisentrager,* 339 U.S. 763 (1950), was limited to its facts. *See* Plaintiffs' Consolidated Opp. to Defendants' Mot. to Dismiss at 16-35 ("Plaintiffs' Opp.").

II. **WHETHER THE U.S. HAS SOVEREIGNTY OVER IRAQ AND AFGHANISTAN IS IRRELEVANT; THE U.S. HAD SUFFICIENT CONTROL AND AUTHORITY FOR FUNDAMENTAL CONSTITUTIONAL PROTECTIONS TO APPLY**

The Defendants also contend in their Notice of Supplemental Authority that the federal courts do not have the power to decide whether the United States has sovereign control over a given geographical area. This argument misses the point, as sovereignty is not the crucial inquiry as to whether fundamental constitutional protections apply.[6] The relevant question is whether the United States exercises sufficient control and authority to render application of fundamental constitutional rights neither impracticable nor anomalous. *See* Plaintiffs' Opp. at 23-24. For reasons fully set forth in Plaintiffs' prior submissions, none of which are refuted by Defendants, it is not impracticable or anomalous to apply the prohibition against torture on behalf of innocent civilians detained under the exclusive control and jurisdiction of the U.S.

---

[6] Even if the question of sovereignty were relevant, there is no question that the federal courts have the power to determine which nation is the sovereign power in a given place. The *Boumediene* majority itself notes that the federal courts have held that Guantanamo is sovereign territory of Cuba. *Boumediene*, 2007 WL 506581 at *7.

4

military and where U.S. personnel are subject to exclusive U.S. jurisdiction and are immune from Iraqi or Afghan legal process by operation of U.S. law.  *See* Plaintiffs' Opp. at 24-30.[7]

## CONCLUSION

For the reasons given above, the decision of the Court of Appeals in *Boumediene v. Bush* does not govern the claims in the instant case.

Dated:  March 21, 2007                                          Respectfully submitted,


 /s/ *Lucas Guttentag*                                            /s/ *Hina Shamsi*
_____           _____
LUCAS GUTTENTAG                                      MICHAEL POSNER*
CECILLIA D. WANG                                      HINA SHAMSI*
JENNIFER C. CHANG                                   PRITI PATEL*
MÓNICA M. RAMÍREZ                                 Human Rights First
American Civil Liberties Union   Foundation     333 Seventh Avenue, 13th Floor
Immigrants' Rights Project                            New York, NY 10001-5004
39 Drumm Street                                          (212) 845-5200
San Francisco, CA 94111
(415) 343-0773

STEVEN R. SHAPIRO                                   BILL LANN LEE
OMAR C. JADWAT                                       Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
AMRIT SINGH                                               1330 Broadway, Suite 1800
STEVEN WATT                                              Oakland, CA  94612
American Civil Liberties Union Foundation    (510) 839-6824
125 Broad Street
New York, NY 10004
(212) 549-2500

---

[7] In other litigation, the United States has recently acknowledged the scope and terms of the CPA Order 17 cited by Plaintiffs.  *See* Plaintiffs' Opp. at 25.  *See* Brief for Appellees [United States], *Munaf v. Harvey*, D.C. Cir. No. 06-5324, at pages 30-31.

5

/s/ *Arthur B. Spitzer*
_____
ARTHUR B. SPITZER
D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800

JAMES P. CULLEN*
BG, JAGC, USA (ret.)
Of Counsel, Human Rights First
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1565

PAUL HOFFMAN
Schonbrun DeSimone Seplow Harris &
    Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-0731

DEBORAH N. PEARLSTEIN*
Of Counsel, Human Rights First
Woodrow Wilson School of Public
    and International Affairs
Robertson Hall 445A
Princeton University
Princeton, NJ  08540
(609) 924-4535

JOHN D. HUTSON*
RADM, JAGC, USN (ret.)
Of Counsel, Human Rights First
2 White Street
Concord, NH 03301
(603) 228-1541

DAVID RUDOVSKY
Kairys, Rudovsky, Epstein & Messing LLP
924 Cherry St., Suite 500
Philadelphia PA 19107
(215) 925-4400

ERWIN CHEMERINSKY
Duke University School of Law
Science Drive & Towerview Rd.
Durham, NC  27707
(919) 613-7173


Counsel for Plaintiffs


* Representing Plaintiffs against Defendant Rumsfeld only